In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-049 CR


____________________



KENNETH WAYNE GIBSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 8662






MEMORANDUM OPINION (1)


 Appellant, Kenneth Wayne Gibson, was convicted of the State Jail offense of Theft
of property with a value of at least $1,500 or more but less than $20,000. Tex. Pen.
Code Ann. § 31.03(a), (e)(4)(A) (Vernon Supp. 2004). Appellant raises two issues for
our consideration, viz:

 1. The trial court erred in excluding as hearsay certain evidence of out of
court statements by a third party relevant to appellant's defense of mistake
of fact which were not offered for proof of the truth of the statements but to
establish that the statements were made.


 2. The trial court erred in excluding as hearsay certain evidence of out of
court statements by a third party relevant to appellant's defense of mistake
of fact which were admissible to show appellant's intent and mental state at
the time of commission of the alleged offense. 


 The record reflects that during the appellant's case for the defense, he attempted to
elicit testimony from his former employer, Howard Long, that a man identifying himself
as Mr. Johnson approached Long and appellant and offered appellant a total of $200 if
appellant would move a "camper trailer" from one location to another. Prior testimony
during the State's case-in-chief indicated that the trailer home in question was owned by
James Kerley, and that Mr. Kerley neither gave anyone permission to move his trailer
home from his property, nor knew appellant or a "Ronnie or Ronald Johnson." Moreover,
appellant's trial counsel admitted in her opening statement to the jury that appellant did
remove Mr. Kerley's trailer home from his property, but only because appellant was under
the mistaken impression that "Mr. Johnson" was the owner of the trailer home and had
hired appellant to move it. 

 When appellant attempted to elicit testimony from Howard Long about the specifics
of the conversation with Mr. Johnson, the State lodged a hearsay objection. The trial court
immediately sustained the objection, then removed the jury and conducted a brief hearing. 
During the hearing, Appellant's stated basis for admissibility was Tex. R. Evid. 803(1),
the hearsay exception of "present sense impression." Trial counsel provided the trial court
with case authority in support of this stated basis for admissibility. (2) The trial court
sustained the State's objection, and appellant subsequently made an offer of proof from
Howard Long. On appeal, appellant now contends that the testimony in question is not
hearsay at all as defined under Rule 801(c) and 801(d) in that appellant was not offering
Long's testimony of the conversation with Mr. Johnson for the truth of what Johnson
purportedly said, but for the fact that it was said in appellant's presence. 

 "In considering a trial court's ruling on the admissibility of evidence, an appellate
court must determine whether the trial court abused its discretion." Willover v. State, 70
S.W.3d 841, 845 (Tex. Crim. App. 2002). "In other words, the appellate court must
uphold the trial court's ruling if it is reasonably supported by the record and is correct
under any theory of law applicable to the case." Id. "This is so even if the trial judge
gives the wrong reason for the decision." Laney v. State, 117 S.W.3d 854, 857 (Tex.
Crim. App. 2003); see Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). 
Finally, an appellate court must review the trial court's ruling in the light of what was
before the trial court at the time the ruling was made. Weatherred v. State, 15 S.W.3d
540, 542 (Tex. Crim. App. 2000). 

 "'Hearsay' is a statement, other than one made by the declarant while testifying at
the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex.
R. Evid. 801(d). As a general rule, hearsay evidence is inadmissible unless it falls within
one of the many exceptions. See Tex. R. Evid. 802. "In order to have evidence admitted
under a hearsay exception, the proponent of the evidence must specify which exception he
is relying upon." Willover, 70 S.W.3d at 841. As proponent of the evidence in the instant
case, it was up to appellant, not the trial court, to specify which exception to the hearsay
rule he was relying upon or to specify how the evidence was not hearsay. We review for
abuse of discretion the trial court's ruling on the proffer and objection actually made. 
Willover, 70 S.W.3d at 845-46 n. 5 ("The Court of Appeals essentially held that since the
videotapes were 'not hearsay,' the trial court's exclusion of the videotapes as hearsay was
not a correct theory of law, and thus the videotapes could not have been excluded. This
is incorrect . . . ."). We cannot hold that the trial court abused its discretion on a ruling
it was not asked to make. If trial counsel conceded, even incorrectly, that the evidence
was hearsay, then our appellate review is limited to the trial court's ruling on the hearsay
exception asserted at trial. 

 When the State's counsel raised a hearsay objection, defense counsel stated, "It's
being offered for a present sense impression, not the truth of the matters asserted therein."
This was sufficient to apprise the trial court that the appellant did not concede the hearsay
nature of the out-of-court statement because the statement was not being offered for the
truth of the matter stated. Therefore, we shall review the issue on its merits.

 Appellant's defense at trial was that he moved the trailer by mistake. He offered
testimony from his former employer, Howard Long, that a "Mr. Johnson" wanted
appellant to move a trailer. The request was made in Long's presence. Johnson's request
was an out-of-court statement, but evidence of the request to move a trailer was not
hearsay because the probative value of the evidence was not the truth of the matter
asserted. (3) The admissibility of the statement does not depend on whether Johnson actually
wanted a trailer moved; in fact, Mr. Johnson was not the owner of the trailer that appellant
moved. Whether or not Johnson was telling the "truth" when he requested what Howard
Long heard him request is not the issue sought to be proven. What appellant sought to
prove was that the request was made; Long was the declarant on that fact, and he was in
court under oath and subject to cross-examination. The evidence supported appellant's
claimed state of mind, i.e., his claimed mistaken belief he was authorized by the owner to
move the trailer. See United States v. Rubin, 591 F.2d 278, 283 (5th Cir. 1979)(statement
to the defendant was non-hearsay admissible to show lack of criminal intent).

 But because the jury heard the same evidence, and implicitly rejected the defense
theory, the error was harmless. A trial court's error in excluding evidence is harmless if
the excluded evidence is cumulative of other admitted evidence. Here, Long was
permitted to testify that a "Mr. Johnson" approached appellant and gave him $100, and
that it was common for somebody to give appellant $100 if they were hiring him to do a
job. Long testified that he had given appellant permission to use equipment to move "A
travel trailer, trailer houses" before, and although the truck was not his, he thought that
was what was going to happen here. Long testified: 

 Q. Did this transaction you were observing seem to be a normal one in the
course of your business?


 A. Yes, ma'am, or something like that.


Appellant's sister then testified that Long told her appellant moved a trailer for a "Mr.
Johnson." Through the testimony of the two witnesses, Long and appellant's sister, the
jury heard essentially the same evidence the trial court initially excluded, that "Mr.
Johnson" hired appellant to move a trailer. The trial court's error was therefore harmless. 
We overrule the two appellate issues presented, and affirm the judgment and sentence of
the trial court. 

 AFFIRMED.


 PER CURIAM


Submitted on March 9, 2004

Opinion Delivered April 7, 2004

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. Although not explicitly cited, from trial counsel's description of the facts of the
case, it appears to be Rabbani v. State, 847 S.W.2d 555, 559-60 (Tex. Crim. App. 1992),
a seminal case on "present sense impression" under Rule 803(1). Texas Rule of Evidence
803(1) defines "present sense impression" as "[a] statement describing or explaining an
event or condition made while the declarant was perceiving the event or condition, or
immediately thereafter." The testimony in question does not purport to show what, if
anything, the declarant, Mr. Johnson, was perceiving as an "event or condition." On the
contrary, the testimony attempts to have Long relate the conversation that took place
between appellant and Mr. Johnson. As such, it is not the "present sense impression" of
Mr. Johnson. See Wood v. State, 18 S.W.3d 642, 651-52 (Tex. Crim. App. 2000) (citing
Rabbani v. State, 847 S.W.2d 555, 560 (Tex. Crim. App. 1992) (statement that declarant
saw defendant outside was admissible under 803(1) because the statement explained an
event or condition)). 
3. Appellant argued the evidence was not being offered for the truth of the matter,
but confused the effect on his thinking with the "present sense exception" to the hearsay
rule. The State does not argue on appeal that the trial court was somehow misinformed
of the purpose of the offer of proof.